IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| KATHLEEN P. SWINK,<br>    Plaintiff, *pro se*,<br><br>        v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>    Defendant. | Civil No. 3:16cv102 (MHL) |

## REPORT AND RECOMMENDATION

This matter comes before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) on Plaintiff's Motion for Summary Judgment and Memorandum in Support (ECF No. 12),[1] and Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 15), or, in the alternative, Defendant's Motion for Summary Judgment (ECF No. 16). Having reviewed the parties' submissions, and finding good cause, the Court recommends that Defendant's Motion to Dismiss (ECF No. 15) be GRANTED, Plaintiff's Motion for Summary Judgment (ECF No. 12) and Defendant's Motion for Summary Judgment (ECF No. 16) be DENIED as MOOT, and Plaintiff's Complaint (ECF No. 3) be DISMISSED without prejudice.

On October 16, 2012, Kathleen P. Swink ("Plaintiff") applied for Social Security Disability Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("Act"), alleging disability from fibromyalgia, chronic fatigue and attention deficit disorder, with an alleged onset date of December 31, 2008. (R. at 187-200, 212.) The Social Security

---

[1] On June 17, 2016, Plaintiff, proceeding *pro se*, filed an untitled document (ECF No. 12) setting forth the reasons that she disagrees with the Administrative Law Judge's ("ALJ") decision to dismiss her DIB claim. The Court construes this document as Plaintiff's Motion for Summary Judgment and Memorandum in Support.

Administration (the "Agency") denied Plaintiff's claims both initially on February 20, 2013, and upon reconsideration on January 6, 2014. (R. at 104-13, 115-20.)

At Plaintiff's written request, ALJ Stewart Goldstein held a hearing on June 17, 2015. (R. at 22, 121-22.) During the hearing, Plaintiff (then-represented by counsel) amended her alleged onset date to February 11, 2013. (R. at 24, 38-39, 208.) For DIB purposes, Plaintiff's insured status expired on September 30, 2010, nearly two and a half years before her alleged onset date. (R. at 26, 43.)

On July 20, 2015, the ALJ issued a written opinion, dismissing Plaintiff's request for hearing as to her claim for DIB, citing Plaintiff's voluntary decision to withdraw that request by amending her alleged onset date as described above. (R. at 11, 20-21.) In that same opinion, the ALJ reached a fully favorable decision regarding Plaintiff's claim for SSI, concluding that Plaintiff qualified as disabled under the Act since February 11, 2013. (R. at 7, 11-21.)

On December 15, 2015, the Appeals Council denied Plaintiff's request for review of the ALJ's dismissal, rendering the Agency's second denial — the reconsideration decision dated January 6, 2014 — as the final decision of the Commissioner regarding Plaintiff's DIB claim. (R. at 1-4, 118-20.)

On February 19, 2016, Plaintiff, proceeding *pro se*, filed her Complaint (ECF No. 3), challenging the ALJ's dismissal of her DIB claim. Plaintiff alleges that she did not fully understand the consequences of her decision to amend her alleged onset date. (Pl.'s Mot. for Summ. J. and Mem. in Support ("Pl.'s Mem.") (ECF. No. 12) at 2-5, 7-8.) Defendant argues that the Court lacks subject matter jurisdiction to hear the appeal, because Plaintiff failed to exhaust her administrative remedies. (Mem. in Support of Def.'s Mot. to Dismiss or, in the Alternative, for Summ. J. ("Def.'s Mem.") (ECF No. 17) at 1-2.) Specifically, Defendant argues that Plaintiff

2

voluntarily withdrew her DIB claim when she amended her alleged onset date. (Def.'s Mem. at 9.) Consequently, the hearing before the ALJ continued only as to Plaintiff's claim for SSI. (Def.'s Mem. at 9.) Without a hearing before an ALJ and a substantive ruling, followed by review by the Appeals Council, Defendant argues that no "final decision" on Plaintiff's DIB claim exists for this Court's review. (Def.'s Mem. at 7-9.) Plaintiff responds that, at the time of the hearing, her then-counsel failed to ask her for medical evidence predating her date last insured and did not adequately explain the effects of amending her alleged onset date. (Pl.'s Resp. to Def.'s Mem. ("Pl.'s Resp.") (ECF No. 21) at 1-5.)

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When a defendant contends "'that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based,'" all facts in the complaint are presumed true. *Kerns*, 585 F.3d at 192 (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Although courts give deference to *pro se* pleadings, the plaintiff bears the burden of ultimately proving subject matter jurisdiction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)); *Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 205 (4th Cir. 2002) (additional citation omitted). Accordingly, the Court may "consider exhibits outside the pleadings 'to resolve factual disputes concerning jurisdiction.'" *Id.* (quoting *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)).

To review the Commissioner's decisions, this Court's jurisdiction arises out of 42 U.S.C. § 405(g), which permits such review only "after any *final decision* of the Commissioner . . . made *after a hearing*." (emphasis added). The Act does not define the term "final decision" — instead, "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v.*

*Salfi*, 422 U.S. 740, 766 (1975). The regulations require a DIB claimant to follow a four-step administrative process before she obtains a judicially reviewable "final decision." 20 C.F.R. § 404.900(a). Those steps are: (1) initial determination; (2) reconsideration; (3) hearing before an ALJ; and, (4) Appeals Council review. 20 C.F.R. § 404.900(a)(1)-(4). Only after a claimant completes those steps will the Commissioner "have made [a] final decision" subject to judicial review. 20 C.F.R. § 404.900(a)(5). Indeed, exhaustion of these administrative remedies serves as "a prerequisite to [this Court's exercise of] jurisdiction" under 42 U.S.C. § 405(g). *Heckler v. Ringer*, 466 U.S. 602, 617 (1984).

On June 17, 2015, at the outset of Plaintiff's hearing, the ALJ explained the timing requirements to qualify for DIB. (R. at 24, 26.) Addressing Plaintiff, the ALJ noted that "records show [that] you have a date last insured of September 30, 2010. In order to qualify for a Period of Disability and Disability Insurance Benefits, the evidence must establish that your disability began on or prior to that date, and lasted for at least 12 continuous months." (R. at 26.) Later, the ALJ paused the hearing to allow Plaintiff and her then-attorney to step out and discuss her alleged onset date. (R. at 24, 38.)

When the hearing resumed, Plaintiff's counsel moved to amend her alleged onset date to February 11, 2013. (R. at 38.) The ALJ then asked Plaintiff three questions. (R. at 38-39.) First, the ALJ ensured that Plaintiff had discussed the proposed amendment with her lawyer. (R. at 38.) She had. (R. at 38.) Second, Plaintiff confirmed that she agreed with the decision to amend her alleged onset date. (R. at 38.) Third, Plaintiff indicated her understanding that, with a date last insured (September 30, 2010) that preceded her alleged onset date (February 11, 2013), she would not qualify for DIB benefits, but she would remain eligible for SSI. (R. at 26, 39.) Satisfied, the ALJ granted Plaintiff's motion to amend her alleged onset date from

4

December 31, 2008 to February 11, 2013. (R. at 38-39, 187.)

That same day, Plaintiff dated and signed a Motion to Amend the Alleged Onset Date ("Motion to Amend"). (R. at 208.) The Motion to Amend read:

> I move to Amend my Alleged Onset Date. I am aware that if this date is after my Date Last Insured, my application for Title II benefits will be dismissed.
>
> I am further aware that if my Application for Title II benefits is dismissed, the reconsideration determination previously entered in my case will become the final decision by the [Agency] and that I cannot appeal that decision. I further state that I am amending my onset date voluntarily and without undue influence.

(R. at 208.) Plaintiff's then-counsel also signed the Motion to Amend, acknowledging that she had "fully advised [Plaintiff] of the effects of amending her alleged onset date." (R. at 208.) As he had done orally at the hearing, the ALJ granted the Motion to Amend the alleged onset date to February 11, 2013. (R. at 208.)

Thereafter, the ALJ issued a written decision dismissing Plaintiff's request for hearing for her DIB claim, because Plaintiff's date last insured preceded her alleged onset date, and because Plaintiff had withdrawn her request as to her DIB claim. (R. at 11.) *See also* 20 C.F.R. § 404.131(a)-(b) (explaining that a claimant "must have disability insured status in the quarter in which [she] become[s] disabled or in a later quarter in which [she is] disabled[,]" and that "[t]o become entitled to [DIB], [a claimant] must have disability insured status in the first full month that [she is] disabled . . ."); 20 C.F.R. § 404.957(a) (authorizing an ALJ to dismiss a request for hearing after a claimant withdraws her request). The Appeals Council denied Plaintiff's request for review, and stated that the Agency's January 6, 2014 denial of Plaintiff's DIB claim upon reconsideration remained final. (R. at 1.) The Appeals Counsel further explained that the reconsideration determination was not subject to judicial review. (R. at 2.)

In her Complaint, Plaintiff does not allege sufficient facts to establish this Court's

jurisdiction. Instead, she acknowledges that she agreed to amend her alleged onset date during the hearing before the ALJ. (Compl. at 1-3.) Yet, Plaintiff now wishes to revert back to an earlier alleged onset date. (Compl. at 3.) Plaintiff alleges that she felt pressured by her then-attorney to agree to the amendment, and that she has additional medical evidence to support an earlier date. (Compl. at 2-3.) Despite not submitting additional evidence for the Appeals Council to review, Plaintiff acknowledges that she "may have been told" by an Agency representative to submit such medical evidence when she initially applied for benefits. (Compl. at 3.) Plaintiff does not have, nor does she allege that she obtained, a "final decision" of the Commissioner fit for the Court's review.

The record confirms that Plaintiff failed to exhaust her administrative remedies under 42 U.S.C. § 405(g). As discussed above, the ALJ explained to Plaintiff the DIB requirement that her disability onset date precede her date last insured. (R. at 26.) He then went off the record to afford Plaintiff and her then-counsel time to discuss whether to amend her alleged onset date. (R. at 38.) Upon her return, the ALJ asked Plaintiff several questions to ensure that she understood her decision and its consequences. (R. at 38-39.) Plaintiff confirmed that her attorney had explained, and she understood, that amending her alleged onset date to February 11, 2013, would result in dismissal of her DIB claim. (R. at 38-39.) Plaintiff also signed the Motion to Amend, further indicating that she knowingly and voluntarily chose to amend her alleged onset date and thereby withdraw her DIB claim. (R. at 208.)

By written decision, the ALJ confirmed the amended alleged onset date, and dismissed Plaintiff's request for hearing as to her DIB claim. (R. at 11.) The Appeals Council denied Plaintiff's request for review, explaining that the Agency's decision upon reconsideration dated January 6, 2014 "stands as the final decision of the Commissioner." (R. at 1.) The Appeals

6

Council also informed Plaintiff that the reconsideration determination was "final and not subject to further review." (R. at 2.)

Reconsideration is only the second step in the four-step administrative process required before judicial review. 20 C.F.R. § 404.900(a)(2). Although this was ultimately the Agency's final decision, it was not a "final decision . . . made after a hearing[,]" as required for judicial review. 42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a). Neither the reconsideration decision before the hearing nor the dismissal during the hearing satisfy this requirement. Because Plaintiff voluntarily withdrew her DIB claim mid-hearing, the ALJ only held a hearing on the merits of Plaintiff's SSI claim. Without completing the third step (a hearing before, and ruling from, an ALJ) and the fourth step (review by the Appeals Council of the ALJ's post-hearing decision), Plaintiff has not exhausted her administrative remedies and obtained a "final decision" after a hearing on her DIB claim as required by the regulations. Consequently, the Court lacks jurisdiction to consider Plaintiff's suit.

For the reasons set forth above, this Court recommends that Defendant's Motion to Dismiss (ECF No. 15) be GRANTED, Plaintiff's Motion for Summary Judgment (ECF No. 12) and Defendant's Motion for Summary Judgment (ECF No. 16) be DENIED as MOOT, and Plaintiff's Complaint (ECF No. 3) be DISMISSED WITHOUT PREJUDICE.

Let the Clerk forward a copy of this Report and Recommendation to United States District Judge M. Hannah Lauck, all counsel of record and *pro se* Plaintiff at her address of record.

**NOTICE TO PARTIES**

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within**

fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.

/s/
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Date: January 9, 2017